**Dated: March 19, 2014**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

In re:

**PHILIAMENIA EPLEY**,                     Case No. 13-80428-TRC
                                                                        Chapter 7

                           Debtor.

**STATE OF OKLAHOMA, ex rel.**
**DEPARTMENT OF CONSUMER CREDIT**,

                           Plaintiff,

vs.                                                  Adversary No. 13-8011-TRC

**PHILIAMENIA EPLEY**,

                           Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

       Before the Court are separate motions for summary judgment with responses: Plaintiff's Motion for Summary Judgment (Docket Entry 13), Defendant's Response and Counter Motion for Summary Judgment (Docket Entry 14), and Plaintiff's Reply to Defendant's Response combined with Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket Entry 15).

Plaintiff initiated this adversary proceeding to except its state court civil judgment against Defendant from discharge under 11 U.S.C. § 523(a)(7). Plaintiff seeks summary judgment that its judgment is nondischargeable; Defendant seeks summary judgment that the judgment is dischargeable. For the reasons set forth below, the Court grants Plaintiff's Motion and finds that the judgment is excepted from discharge pursuant to § 523(a)(7).

1.  Background

In their respective motions for summary judgment as well as in their Rule 26(f) Conference Report, the parties agreed that there are no disputed facts in this case and that this case involves a question of law that can be resolved by the Court on summary judgment. The essential facts are that Defendant was the sole owner of EFC Mortgage, LLC, and was designated to oversee the operations of EFC Mortgage, LLC. She and EFC Mortgage, LLC were charged with multiple violations of the Oklahoma Secure and Fair Enforcement for Mortgage Licensing Act ("SAFE Act"). The SAFE Act establishes standards for licensing and regulation of mortgage brokers and mortgage loan originators, and protects consumers seeking mortgage loans from unfair and deceptive practices.[1] Plaintiff is the state entity charged with the administration and enforcement of the SAFE Act. A two day hearing before an independent hearing examiner was held in July of 2012. On September 18, 2012, the Administrator of Consumer Credit issued a Final Agency Order against Defendant and EFC Mortgage, LLC, and assessed civil penalties against Defendant totaling $77,000 for violations of the SAFE Act, as well as costs of the hearing.[2] The Final Agency Order includes 74 pages of extensive

---

[1] OKLA STAT. tit. 59, § 2095-2095.25. Oklahoma's SAFE Act was enacted to comply with mandates of the federal S.A.F.E. Mortgage Licensing Act, 12 U.S.C. §§ 5101-5116.

[2] Docket Entry 13, *Plaintiff's Motion for Summary Judgment, Exhibit 1.*

findings of fact and conclusions of law. The order concluded that Defendant violated numerous provisions of the SAFE Act "by failing to oversee the operations of . . . EFC . . . ." Specifically, the order stated that she failed " to demonstrate financial responsibility, character and general fitness" and conducted business covered by the SAFE Act without a valid license. On January 4, 2013, Defendant entered into an Agreed Order with Plaintiff that she would comply with all terms of the Final Agency Order on or before February 4, 2013.[3] The Agreed Order was signed by District Judge Thomas E. Prince, and entered in the District Court of Oklahoma County, Case No. CV-2012-2594. On April 16, 2013, Defendant filed her voluntary chapter 7 bankruptcy petition. Plaintiff then filed this adversary proceeding to determine that the debt of fines and penalties owed to Plaintiff in the Final Agency Order and Agreed Order is nondischargeable.

II. Analysis

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant in entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Having agreed that there are no issues of fact, both parties seek summary judgment on the issue of dischargeability of the debt owed pursuant to the state court orders.

Section 523(a)(7) provides that a discharge granted in bankruptcy does not apply to any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ...."[4] Thus, the statute includes

---

[3] Docket Entry 13, *Plaintiff's Motion for Summary Judgment (Exhibit 2)*.

[4] All references to "Section" or § shall refer to Title 11, United States Code, unless otherwise expressly noted. The exceptions to subsection 7 are not applicable as they refer to tax penalties. The state court order do not involve a tax debt.

three elements that must be met for the debt to be excepted from discharge: (1) the debt must be for a fine, penalty or forfeiture; (2) it must be payable to and for the benefit of a governmental unit; and (3) it cannot be compensation for actual pecuniary loss.

The first element is that the debt must arise as some type of punishment or sanction for debtor's misconduct or wrongdoing, and be "rooted in the traditional responsibility of the state to protect its citizens."[5] Section 523(a)(7) makes no distinction between criminal and civil fines, penalties and forfeitures. Whether the debt is a fine, penalty or forfeiture is a question of federal law, but bankruptcy courts may look to state law to determine whether the debt fits the attributes of a fine, penalty or forfeiture.[6] Oklahoma's SAFE Act is a statutory scheme designed to protect Oklahoma consumers seeking mortgage loans through supervision and enforcement of rules and regulations of the mortgage lending industry.[7] The Act authorizes the Administrator of Consumer Credit to impose certain "penalties" for violations of the Act to ensure compliance. This includes a "civil penalty" of between $100 and $ 2,500 for each violation of the Act, against a licensee or any entity or individual subject to the Act.[8] The Final Agency Order assessed a "civil penalty" against Defendant of $ 1,500 for each of the forty-eight violations of the SAFE Act, a total of $ 72,000, plus a fine of $ 5,000 for a different violation of the Act. The purpose and structure of the SAFE Act certainly draw this Court to conclude that the civil penalties assessed against Defendant are penal in nature

---

[5] *In re Jensen*, 395 B.R. 472, 481 (Bankr. D. Colo. 2008) citing *In re Hickman*, 260 F.3d 400, 406 (5th Cir. 2001).

[6] *Hickman* at 405 (citations omitted).

[7] OKLA STAT. tit. 59, § 2095.1. *See also* 2010 OK AG 9.

[8] OKLA STAT. tit. 59, § 2095.17(4)(e).

and fit the requirement of § 523(a)(7) that the debt be for a fine, penalty or forfeiture.

The second element that the debt be payable to a governmental unit is also met. The Agreed Order states that the fines and penalties are payable to the State of Oklahoma. The Final Agency Order assesses fines on behalf of the Administrator of the Oklahoma Department of Consumer Credit, who is appointed to pursue investigations and enforcement of the SAFE Act. Oklahoma law provides that any civil penalties imposed and collected in accordance with the SAFE Act are to be distributed to the Department of Consumer Credit and the General Revenue Fund of the Oklahoma State Treasury.[9]

The third element is also met. The penalty assessed against Defendant is not for any pecuniary loss suffered by the State but is assessed for each violation of the SAFE Act committed by Defendant. The debt is not imposed as compensation for the State's or a victim's loss.

Defendant advances two arguments in favor of summary judgment and dischargability of this debt. Neither focuses on the elements of § 523(a)(7). First, she focuses on the enforcement provision of the SAFE Act, that orders imposing civil penalties may be enforced in the same manner as other civil judgments under Oklahoma law. The fact that the Administrator may enforce an order imposing civil penalties through the Oklahoma court system says nothing about the nature of the underlying debt. While it is true that some civil judgments may be dischargeable in bankruptcy, some are not.[10] The manner in which a debt may be collected does not determine dischargeability. It is the underlying nature of the debt that is the focus under § 523.

---

[9] OKLA. STAT. tit. 14A, § 6-303.

[10] §522 allows certain judicial or judgment liens to be avoided where such liens impair a debtor's exempt property. However, this section simply avoids the fixing of certain liens on debtor's property. It is not a determination of dischargeability of the underlying debt.

Defendant next focuses on her own actions and argues that she was not sanctioned for her own illegal or unethical activities, but was fined for not stopping other people from acting in improper ways. She argues that in the cases cited by Plaintiff, the defendants personally violated state law and were fined. She asserts that her violations for failure to properly supervise others were not "active" violations, thus they are not like a criminal penalty and should be discharged. This argument is irrelevant to the determination under § 523(a)(7). "[D]ischargeability under § 523(a)(7) is tied to the character of the debt, not the debtor's conduct."[11] There is no exception for fines assessed against supervisors. This Court may not redetermine whether Defendant should have been adjudged in violation of state law. Its focus is limited to examining the nature of the debt and whether that debt fits within the discharge exception of § 523(a)(7).[12] And, the Court would disagree with Defendant's characterization that she was not found to have actively violated the SAFE Act. The findings and conclusions in the Final Agency Order and Agreed Order state that she violated specific sections of the SAFE Act, including failure to supervise, conducting business without a valid license, failing to demonstrate financial responsibility, character and general fitness as required to effect the purposes of the SAFE Act.

III. Conclusion and Order

The judgment against Defendant is for a debt that is specifically excepted from discharge under § 523(a)(7) of the Bankruptcy Code. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Summary Judgment is **granted**

---

[11] *In re Jensen*, 395 B.R. at 488, citing *FTC v. Wright (In re Wright)*, 194 B.R. 715, 718 n. 5 (Bankr.D.Conn.1996).

[12] *Jenson*, 395 B.R. at 488.

and the debt is determined to be nondischargeable. Defendant's Motion for Summary Judgment is **overruled**.

A separate judgment of nondischargeability shall be entered in accordance with this order.

IT IS FURTHER ORDERED THAT because this order determines all matters in this case, the trial set for April 16, 2014 is **stricken.**

###

Case 13-08011   Doc 21   Filed 03/19/14   Entered 03/19/14 14:55:47   Desc Main
Document      Page 7 of 7